[Cite as *In re R.B.*, 2021-Ohio-157.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

R. B. and A.B.

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case Nos. 20 CA 004 and 20 CA 005

O P I N I O N

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Juvenile Division, Case Nos.
                             18N150 and 18N151

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 22, 2021

APPEARANCES:

For Appellant Mother

ERIC D. HALL
P. O. Box 232
Medina, Ohio  44258

For Appellee HCCS

ROBERT K. HENDRIX
HOLMES COUNTY PROSECUTOR
164 East Jackson Street
Millersburg, Ohio  44654

Guardian Ad Litem

MONICA L. MIYASHITA
847 South Vine Street
Orrville, Ohio  44667

*Wise, J.*

{¶ 1}  Appellant-Mother A.R. appeals from the judgment entered in Holmes County Court of Common Pleas, Juvenile Court Division, which granted legal custody of the minor children R.B. and A.B. to Michael Middleton and Rachel Drake.

## STATEMENT OF THE FACTS AND CASE

{¶ 2}  This appeal pertains to the award of legal custody of the two minor children A.B. (DOB 06-08-17) and R.B. (DOB 08-06-18) of Appellant-Mother A.R. The father of the children is K.B.

{¶ 3}  On August 17, 2018, Holmes County Department of Job and Family Services, Children Services, (HCCS) filed Complaints in the Holmes County Common Pleas Court, Juvenile Division, alleging A.B. and R.B. to be Abused, Neglected, and Dependent children. The trial court granted Temporary Custody to HCCS on an interim basis.

{¶ 4}  On November 26, 2018, the trial court found A.B. and R.B. to be Neglected children. Neither parent appeared for the Adjudicatory hearing.

{¶ 5}  On November 27, 2018, the case came on for Dispositional hearing. The parents did appear for this hearing. The trial court continued Temporary Custody of A.B. and R.B. to HCCS, and ordered the parents to complete a case plan.

{¶ 6}  On February 26, 2019, at a ninety (90) day review hearing, the trial court continued Temporary Custody to HCCS while noting that the parents had made little progress on their case plan.

{¶ 7}  On May 21, 2019, the trial court held another review hearing. Neither parent appeared. At this time, the trial court granted Temporary Custody of R.B. and A.B. to

Michael Middleton and Rachel Drake, who had been caring for the children as foster parents. The trial court granted protective supervision to HCCS.

{¶ 8}   On August 20, 2019, at the review hearing, the trial court suspended visits of the parents due to positive drug screens. Each parent was required to submit four (4) consecutive clean screens before being allowed to visit with the children. Additionally, the trial court ordered that visits should occur at the Wayne County Family Home Visitation Center, and that the costs would be paid by Michael Middleton and Rachel Drake.

{¶ 9}   On August 26, 2019, HCCS filed a motion seeking the grant of Legal Custody to Michael Middleton and Rachel Drake.

{¶ 10} On October 15, 2019, the trial court held another review hearing. Appellant-Mother A.R. failed to appear for said hearing.

{¶ 11} On December 2, 2019, the HCCS' motion to grant legal custody to Mike Middleton and Rachel Drake came on for hearing. Appellant-Mother neither supported nor opposed the motion at trial, nor did she present any evidence herself. Her attorney only briefly questioned witnesses.

{¶ 12} On January 14, 2020, another hearing was held. Appellant-Mother again failed to appear for said hearing.

{¶ 13} On January 27, 2020, the trial court ruled on the motion for legal custody, granting legal custody to Mike Middleton and Rachel Drake, and closing the case.

{¶ 14} Appellant-Mother now appeals, raising the following assignment of error:

### ASSIGNMENT OF ERROR

{¶ 15} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY GRANTING LEGAL CUSTODY OF R.B. AND A.B. TO MICHAEL MIDDLETON AND

RACHEL DRAKE WHEN APPELLANT DID NOT CONSENT TO HCCS'S MOTION FOR LEGAL CUSTODY."

I.

{¶ 16} In her sole assignment of error, Appellant-Mother argues the trial court erred in awarding legal custody of the minor children to Michael Middleton and Rachel Drake. We disagree.

{¶ 17} R.C. §2151.353(A) provides, in pertinent part:

If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

* * *

Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings.

{¶ 18} The touchstone of a dispositional order, including legal custody after a finding of neglect and dependency, is that the order be in the child's best interest. *In re Nice* (2001), 141 Ohio App.3d 445, 455, 751 N.E.2d 552. A trial court "must have wide latitude in considering all the evidence" and a custody decision will not be reversed absent an abuse of discretion. *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, citing *Miller v. Miller,* 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). An abuse of discretion is more than error of law or judgment; the term connotes that the court's attitude is

arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 19} Unlike a permanent custody proceeding where a juvenile court's standard of review is by clear and convincing evidence, the standard of review in legal custody proceedings is a preponderance of the evidence. *In re A.C.,* 12th Dist. No. CA2006–12–105, 2007–Ohio–3350 at ¶ 14; *In re Nice,* 141 Ohio App.3d 445, 455, 751 N.E.2d 552 (7th Dist. 2001). In this type of dispositional hearing, the focus is on the best interest of the child. *In re C.R.,* 108 Ohio St.3d 369, 2006–Ohio–1191, 843 N.E.2d 1188; *In re P.S.,* 5th Dist. No. 2012CA00007, 2012–Ohio–3431.

{¶ 20} Despite the differences between a disposition of permanent custody and legal custody, some Ohio courts have recognized "the statutory best interest test designed for the permanent custody situation may provide some 'guidance' for trial courts making legal custody decisions." *In re A.F.,* 9th Dist. No. 24317, 2009–Ohio–333 at ¶ 7, citing *In re T.A.,* 9th Dist. No. 22954, 2006–Ohio–4468 at ¶ 17; *In re S.D.* 5th Dist. Stark Nos. 2013CA0081, 2013CA0082, 2013–Ohio–5752, ¶ 33.

{¶ 21} R.C. 2151.414(D) sets forth factors to be considered in making a determination regarding the best interest of the child:

> (D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;

(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

**{¶ 22}** Initially this Court notes the award of legal custody is "not as drastic a remedy as permanent custody." *In re L.D.,* 10th Dist. No. 12AP–985, 2013–Ohio–3214, ¶ 7. *See also In re N.F.,* 10th Dist. No. 08AP–1038, 2009–Ohio–2986, ¶ 9. This is because the award of legal custody does not divest parents of their residual parental rights, privileges, and responsibilities. *In re C.R.* at ¶ 17. Therefore, since the granting of legal custody does not divest a parent of his or her fundamental parental rights, the parent can petition the court for a custody modification in the future. *In re L.D.* at ¶ 7.

{¶ 23} As set forth in our statement of the case and facts, *supra*, and as stated in her appellate brief, Appellant-Mother did not oppose or contest the motion for legal custody in this case, nor did she seek an order to continue the temporary custody of the minor children with Mr. Middleton and Ms. Drake. (Appellant's brief at 3; T. at 6-7; 1/27/2020 Judgment Entry at 3)). Further, Mother did not present any testimony or evidence at the January 27, 2020, custody hearing, and her attorney only briefly questioned witnesses.

{¶ 24} The trial court also had before it the fact that the children had been out of the parent's custody for a year and four months. (T. at 6). The children were removed from the home when R.B. was ten days old and A.B. was fourteen months old.

{¶ 25} In determining what was in the best interest of the children, the court considered Appellant-Mother's failure to appear at the review hearing on May 21, 2019 or the review hearings on October 15, 2019, or January 14, 2020, both of which were held after Mr. Middleton and Ms. Drake filed their motion for legal custody of the children.  In addition, the trial court heard testimony from April Newsome, the ongoing case worker from HCCS, that she had been unable to contact Appellant-Mother until the week prior to the hearing. (T. at 36). Further, Appellant-Mother failed to complete an updated Mental Health assessment and was not working on or making any progress on her case plan. *Id.*

{¶ 26} The trial court's Judgment Entry focuses mostly on the children's father as he was the only parent who presented testimony at the hearing.  With regard to Father, the trial court expressed its concerns with his drug use, the fact that he had not visited the children in several months, the fact that Father failed to attend the adjudicatory hearing in these cases, and failed to attend two review hearings. *Id.* The court also noted

certain threats Father had made: one to the Court regarding a hearing early in the cases and one made to a HCCS caseworker in person stating that if he did not get his children back, "… there would be deaths and he would be in jail." (1/27/2020 JE at 4). As a result of such threats, the trial court ordered Father to undergo a psychological assessment, including an anger management component. *Id*. As of the date of the hearing, Father had not yet completed said evaluation. *Id*.

**{¶ 27}** The trial court also considered Father's convictions for Domestic Violence and Criminal Damaging, which occurred during the pendency of these cases and involved Appellant-Mother. *Id*. The trial court found that Father lacked the financial resources needed to properly care for the children. *Id*. The court also took into account Father's testimony that he was living with a family in Coshocton County, but he was unable to provide an address for his current residence to the court. *Id*. The caseworker testified that she had been unable to assess Father's current living situation due to what the court found was a "legitimate fear for her safety." *Id*. Finally, with regard to the Father, the trial court found that based on Father's testimony, it was left with the impression that his desire to have his children back was not based on what was in the best interest of the children but was instead based on his own emotional needs. (JE at 5).

**{¶ 28}** The trial court found, based on their testimony, that Mr. Middleton and Ms. Drake love the children and treat them as if they were their own. *Id*. The GAL elaborated on the close bond between them and the children. *Id*. In her report, the GAL stated that she found the children to be happy, well-bonded and well-adjusted in their new home. She stated that both Mr. Middleton and Ms. Drake have good jobs, with stable employment history. The children each have their own rooms and an abundance of toys

and clothing. It was her recommendation that legal custody of the children be granted to Michael Middleton and Rachel Drake.  (*See* Guardian ad Litem's Report, filed 12/2/2019).

{¶ 29} Based upon the foregoing, we find the trial court's decision is supported by a preponderance of the evidence, and the trial court did not abuse its discretion in granting legal custody of the Children to Michael Middleton and Rachel Drake.

{¶ 30} The judgment of the Court of Common Pleas, Juvenile Division, Holmes County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/kw 0120